UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF ANIMALS,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, *et al.*,<br><br>*Defendants*. | Civil Action No. 23-1427 (APM) |

## ANSWER

Defendants National Marine Fisheries Service ("Fisheries") and Animal and Plant Health Inspection Service ("APHIS," and with Fisheries, the "Defendants"), by and through undersigned counsel, hereby answers Plaintiff's Complaint (ECF No. 1). All allegations in the Complaint, including the relief sought, are denied except when specifically admitted. In answer to the numbered paragraphs of the Complaint, Defendants admit, deny, or otherwise aver as follows:

### INTRODUCTION[1]

1. This paragraph consists of Plaintiff's characterization of this action and legal conclusions to which no response is required.

2. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to

---

[1] Defendants include the headings listed in the Complaint solely to assist in reading the pleadings and do not admit the accuracy of these headings.

the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent a response is required, Defendants deny the allegations in this paragraph.

3. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4. Defendants admit only that Plaintiff filed requests for records pursuant to the Freedom of Information Action ("FOIA") to Fisheries and APHIS, each dated February 25, 2022.  The remainder of this paragraph consists of Plaintiff's characterization of this action and their FOIA requests to which no response is required.

5. Defendants admit only that they have withheld records potentially responsive to Plaintiff's FOIA requests subject to one or more FOIA exemptions.  Defendants deny the remainder of the allegations in this paragraph.

6. Defendants admit only that they are withholding records potentially responsive to Plaintiff's FOIA requests subject to one or more FOIA exemptions.  Defendants deny the remainder of the allegations of this paragraph.

7. This paragraph consists of conclusions of law to which no response is required.

8. This paragraph consists of conclusions of law to which no response is required.

9. This paragraph consists of Plaintiff's characterization of this action and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief they seek, or to any relief whatsoever.

## JURISDICTION AND VENUE

10. This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

11. This paragraph contains legal conclusions and Plaintiff's characterization of FOIA, to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA, respectfully refer the Court to 5 U.S.C. § 552, which speaks for itself, and deny any allegations in this paragraph inconsistent therewith.

12. This paragraph contains legal conclusions to which no response is required.

13. This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this district.

## PARTIES

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of this paragraph.  Defendants deny the allegations in the sixth sentence of this paragraph.

15. Defendants admit only that Fisheries is a government agency within the National Oceanic and Atmospheric Administration, which is part of the United States Department of Commerce, and that it is subject to FOIA.

16. Defendants admit only that APHIS is a government agency within the United States Department of Agriculture, and that it is subject to FOIA.

## LEGAL FRAMEWORK: FREEDOM OF INFORMATION ACT

17-27. These paragraphs contain legal conclusions and Plaintiff's characterization of FOIA and caselaw, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to 5 U.S.C. § 552 and the caselaw cited in these paragraphs, which speak for themselves, and deny any allegations in these paragraphs inconsistent therewith.

## FACTUAL BACKGROUND

28-55. To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

56. Defendants admit only that Plaintiff submitted a FOIA request to Fisheries dated February 25, 2022 (the "Fisheries Request"). The remainder of this paragraph consists of Plaintiff's characterization of the Fisheries Request, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

57. Admit.

58. Defendants admit only that Fisheries sent a letter to Plaintiff on April 7, 2022. The remainder of this paragraph consists of Plaintiff's characterization of that letter, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

59. Admit.

60. Admit.

61. Admit.

62. This paragraph consists of Plaintiff's characterization of Fisheries' Final Response, dated August 30, 2022, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Fisheries' Final Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

63. This paragraph consists of Plaintiff's characterization of Fisheries' Final Response, dated August 30, 2022, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Fisheries' Final Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

64. This paragraph consists of Plaintiff's characterization of Fisheries' Final Response, dated August 30, 2022, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Fisheries' Final Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

65. This paragraph consists of Plaintiff's characterization of Fisheries' Final Response, dated August 30, 2022, which speaks for itself. To the extent a response is required,

Defendants respectfully refer the Court to Fisheries' Final Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

66. This paragraph consists of Plaintiff's characterization of Fisheries' Final Response, dated August 30, 2022, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Fisheries' Final Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

67. Defendants admit that Fisheries did not provide a Vaughn Index with its Final Response, and further avers that it was not required to do so.

68. This paragraph consists of Plaintiff's characterization of Fisheries' Final Response, dated August 30, 2022, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Fisheries' Final Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

69. This paragraph consists of legal conclusions which require no response, and Plaintiff's characterization of Fisheries' Final Response, dated August 30, 2022, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to Fisheries' Final Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

70. Admit.

71. Defendants admit only that the Department of Commerce did not make a final determination on Plaintiff's appeal within twenty business days. The remainder of this paragraph consists of legal conclusions to which no response is required.

72. Defendants admit that, as of the date of the Complaint, the Department of Commerce had not yet made a final determination on Plaintiff's appeal.

73. This paragraph consists of conclusions of law to which no response is required.

74. Defendants admit only that Plaintiff submitted a FOIA request to APHIS dated February 25, 2022 (the "APHIS Request"). The remainder of this paragraph consists of Plaintiff's characterization of the APHIS Request, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

75. Admit.

76. Admit.

77. This paragraph consists of Plaintiff's characterization of APHIS' Final Response, dated June 9, 2022, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to APHIS' Final Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

78. This paragraph consists of Plaintiff's characterization of APHIS' Final Response, dated June 9, 2022, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to APHIS' Final Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

79. Defendants admit that APHIS did not provide a Vaughn Index with its Final Response, and further avers that it was not required to do so.

80. This paragraph consists of Plaintiff's characterization of APHIS' Final Response, dated June 9, 2022, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to APHIS' Final Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

81. This paragraph consists of legal conclusions to which no response is required, and Plaintiff's characterization of APHIS' Final Response, dated June 9, 2022, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to APHIS' Final Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

82. Admit.

83. Admit.

84. Admit.

85. This paragraph consists of Plaintiff's characterization of APHIS' Appeal Response, dated September 29, 2022, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to APHIS' Appeal Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

86. This paragraph consists of Plaintiff's characterization of APHIS' Appeal Response, dated September 29, 2022, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to APHIS' Appeal Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

87. This paragraph consists of Plaintiff's characterization of APHIS' Appeal Response, dated September 29, 2022, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to APHIS' Appeal Response for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

88. This paragraph consists of conclusions of law to which no response is required.

## CLAIM FOR RELIEF

89. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

90. This paragraph consists of conclusions of law to which no response is required.

91. Denied.

92. This paragraph consists of legal conclusions to which no response is required, and Plaintiff's characterization of APHIS' Final Response, dated June 9, 2022, Fisheries' Final Response, dated August 30, 2022, and APHIS' Appeal Response, dated September 29, 2022, each of which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to those responses for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

93. This paragraph consists of conclusions of law to which no response is required.

94. This paragraph consists of conclusions of law to which no response is required.

95. Admit.

96. This paragraph consists of conclusions of law to which no response is required.

97. This paragraph consists of conclusions of law to which no response is required.

98. This paragraph consists of conclusions of law to which no response is required.

99. This paragraph consists of conclusions of law to which no response is required.

100. This paragraph consists of conclusions of law to which no response is required.

## PRAYER FOR RELIEF

The remaining paragraph, including the numbered sub-paragraphs, consists of Plaintiff's request for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

### First Defense

Defendants conducted an adequate search for records responsive to Plaintiff's FOIA requests.

### Second Defense

Defendants exercised due diligence in processing Plaintiff's requests and exceptional circumstances exist that necessitate additional time for Defendants to continue processing Plaintiff's FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

### Third Defense

Plaintiff is not entitled to the production of records protected from disclosure by one or more applicable FOIA exemptions, the release of which would foreseeably harm an interest that the exemption protects, or records protected from disclosure by one or more applicable FOIA exclusions.

### Fourth Defense

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**Fifth Defense**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

**Sixth Defense**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: June 9, 2023
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Kartik N. Venguswamy*
KARTIK N. VENGUSWAMY
D.C. Bar No. #983326
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-1790
kartik.venguswamy@usdoj.gov

*Counsel for Defendants*